IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Senior Judge Wiley Y. Daniel**

Civil Action No.   13-cv-01725-WYD

LARRY ARAGON,

    Plaintiff,

v.

CAROLYN W. COLVIN, Acting Commissioner of Social Security,

    Defendant.

**ORDER**

THIS MATTER comes before the Court on review of the Commissioner's decision that denied Plaintiff's application for disability insurance benefits ["DIB"].  For the reasons stated below, the Commissioner's decision is affirmed and this case is dismissed.

I.   BACKGROUND

Mr. Aragon was injured in a work related accident on February 3, 2009. (Administrative Record ["AR"], ECF No. 7, at 33.)  He subsequently filed a claim under the Colorado Worker's Compensation statutes, and was treated and was placed at maximum medical improvement on December 10, 2010.  (*Id.* 272.)

Mr. Aragon protectively filed applications for DIB on February 23, 2013, alleging an onset of disability beginning March 15, 2009.  (AR 10.)  After the claim was initially denied, a hearing was held before Administrative Law Judge ["ALJ"] Kathryn Burgchardt

on August 30, 2011, and continued to January 18, 2012.  (*Id.* 20-62.)  On February 2, 2012, the ALJ issued an Unfavorable Opinion.  (*Id.* 7-19).

At steps two and three of the sequential evaluation required by law, the ALJ found that Mr. Aragon had severe impairments of depression, pain disorder, and degenerative disc disease of the lumbar spine, status post surgical intervention, which did not meet or medically equal the severity of any of the listed impairments.  (AR 12.)  The ALJ then assessed Mr. Aragon's residual functional capacity ["RFC"].  She found that he could perform "a range of light exertional work as defined in 20 CFR 404.1567(b), while sitting and standing/walking for up to six hours each in a regular eight hour work day, with the option to change position between sit and stand at will while performing assigned duties; lifting and carrying up to ten pounds frequently, and up to twenty pounds occasionally; pushing and pulling with the upper and lower extremities within the aforementioned weight restrictions; occasionally stooping or crouching; avoiding exposure to extreme cold; and while performing unskilled work, with a specific vocational preparation (SVP) rating level of 1 or 2."  (*Id.* 13-14).

At step four, the ALJ found that Mr. Aragon could not perform any past relevant work.  (AR 18.)  Based on the vocational expert's testimony, the ALJ then found at step five that Plaintiff could perform jobs existing in significant numbers in the national economy such as storage facility rental clerk, call out operator, hand painter and stainer, scale attendant, and dealer account investigator.  (*Id.* 18-19.)  Therefore, the ALJ concluded that Plaintiff was not disabled.  (*Id.* 20.)

The Appeals Council denied Plaintiff's request for review of the ALJ's decision (AR 1-3), making the ALJ's decision the Commissioner's final decision. *See* 20 C.F.R. § 422.210(a). Plaintiff timely requested judicial review, and this appeal followed.

II. ANALYSIS

   A. Standard of Review

A Court's review of the determination that a claimant is not disabled is limited to determining whether the Commissioner applied the correct legal standard and whether the decision is supported by substantial evidence. *Hamilton v. Sec. of Health and Human Servs.*, 961 F.2d 1495, 1497-98 (10th Cir. 1992). Substantial evidence is evidence a reasonable mind would accept as adequate to support a conclusion. *Brown v. Sullivan*, 912 F.2d 1194, 1196 (10th Cir. 1990). "It requires more than a scintilla of evidence but less than a preponderance of the evidence." *Gossett v. Bowen*, 862 F.2d 802, 804 (10th Cir. 1988).

"Evidence is not substantial if it is overwhelmed by other evidence in the record or constitutes mere conclusion." *Musgrave v. Sullivan*, 966 F.2d 1371, 1374 (10th Cir. 1992). Further, "if the ALJ failed to apply the correct legal test, there is a ground for reversal apart from substantial evidence." *Thompson v. Sullivan*, 987 F.2d 1482, 1487 (10th Cir. 1993). However, the court "must 'exercise common sense' in reviewing an ALJ's decision and must not 'insist on technical perfection.'" *Jones v. Colvin*, 514 F. App'x 813, 823 (10th Cir. 2013) (quoting *Keyes–Zachary v. Astrue*, 695 F.3d 1156, 1166 (2012)).

### B.   Plaintiff's Argument

Mr. Aragon's only argument is that the ALJ erred by not including mental health limitations in his RFC. I reject this argument. As the Commissioner notes, the ALJ did include mental health limitations in the RFC as he limited Mr. Aragon to unskilled work with a specific vocational preparation (SVP) rating level of 1 or 2. (AR 14.)[1] The ALJ based this RFC on the opinion of State agency reviewing psychologist Dr. Wanstrath. He opined that Mr. Aragon retained the RFC "to sustain work needing little or no judgment, involving simple duties which could be learned on the job in a short period of time (Exhibit 2A)." (*Id*. 18.) The ALJ gave "considerable weight" to this opinion, stating it "is consistent with the observations of the psychologists, psychiatrist, and Workers Compensation specialist previous addressed [in the decision], in that these sources noted that the claimant performed well on mental status exam, he responded well to appropriate medications, and he was assessed with no more than moderate limitations overall (Exhibits C5F, C10F, C12F, and C14F)." (*Id.*)

Mr. Aragon does not argue that the RFC was inconsistent with Dr. Wansrath's opinion, nor does he argue that the ALJ improperly weighed Dr. Wansrath's opinion or that she should have given greater weight to an opinion of a different medical provider. Moreover, I find that the RFC assessment encompassed the psychologist's limitations. Dr. Wanstrath limited Plaintiff to simple work needing little or no judgment, which is

---

[1] SVP is defined as the amount of lapsed time required by a typical worker to learn the techniques, acquire the information, and develop the facility needed for average performance in a specific job-worker situation. U.S. Dep't of Labor, Employment & Training Admin., *Dictionary of Occupational Titles*, vol. II, app. C, pt. III (4th ed. 1991), available at 1991 WL 688702. A SVP of 2 means that Mr. Aragon could learn how to do this position with a short demonstration, up to and including one month. *Id.*

consistent with the agency's definition of unskilled work.  SSR 83-10, 1983 WL 31251, at *7 ("Unskilled work is work which needs little or no judgment to do simple duties that can be learned on the job in a short period of time."); *see also* Program Operations Manual System (POMS) DI 25020.010(A)(3)(a), (B)(3).  The ALJ incorporated these functional limitations into the RFC by limiting Plaintiff to unskilled work with an SVP of one or two.  *See* SSR 00-4p, 2000 WL 1898704, at *3 ("unskilled work corresponds to an SVP of 1-2; semi-skilled work corresponds to an SVP of 3-4; and skilled work corresponds to an SVP of 5-9 in the DOT"); *Hackett v. Barnhart*, 395 F.3d 1168, 1176 (10th Cir. 2005) (the ability to perform simple, routine work is consistent with work with an SVP level of 2 or below).

Contrary to Mr. Aragon's argument, an RFC to do only unskilled work was a limitation on Mr. Aragon's ability to perform work as his past work was skilled (cement finisher, SVP 7; Tr. 73-74).  Thus, this limitation prevented Mr. Aragon from returning to the majority of his past relevant work.  See SSR 96-8, 1986 WL 68636, *3 (noting an impairment is severe if it "had no more than minimal effect on the individual's ability to do basic work activities, but evidence shows that the person cannot perform past relevant work because of the unique features of that work."); *see also* SSR 82-41, 1982 WL 31389, at *2 (unskilled occupations are the least complex types of work).

Mr. Aragon also argues that because he was diagnosed with depression and anxiety, and because the ALJ found that his depression was a severe impairment, he cannot do unskilled work as defined in POMS DI 25020.010.3a.  It states that unskilled work requires the sustained ability to: understand, carry out and remember simple

instructions; make simple work-related decisions; respond appropriately to supervision, co-workers, and work situations; and deal with changes in a routine work setting. *Id*. This argument fails for numerous reasons. First, "the mere existence of a severe impairment . . . does not require a finding that an individual is disabled within the meaning of the Social Security Act." *Thomas v. Colvin*, ___ F. Supp. 3d ___, 2014 WL 4723858, at *1 (D. Colo. Sept. 22, 2014). Thus, a finding of a severe impairment at step two does not require the ALJ to find that the claimant lacks the RFC to work. *Oldham v. Astrue*, 509 F.3d 1254, 1257 (10th Cir. 2007). Rather, to establish entitlement to disability benefits, a claimant must show that his impairments caused functional limitations so severe that he was unable to engage in substantial gainful activity for a continuous period of at least 12 months." *Id.*; *see also* 42 U.S.C. § 423(d)(1)(A).

Second, Mr. Aragon does not point to anything in the record that would indicate he would be unable to meet the demands of unskilled work as defined by the POMS' standard. Indeed, it appears that the first two requirements of the POMs definition (that the claimant have the ability to understand, carry out and remember simple instructions and make simple work-related decisions) are already encompassed in the RFC, as discussed above. Nor has Mr. Aragon pointed to anything in the record to support any other functional limitations regarding his mental impairments that should have been included in the RFC. Accordingly, his argument that he cannot do unskilled work fails for these reasons as well. SSR 96-8p, 1996 WL 374184, at *1 (when there is no allegation of a specific functional limitation, and no information in the record regarding any such limitation, "the adjudicator must consider the individual to have no limitation or

restriction with respect to that functional capacity."); *see also McAnally v. Astrue*, 241 F. App'x 515, 518 (10th Cir. 2007) (when Plaintiff did not identify additional limitations that should have been included or discuss any evidence that would support the inclusion of additional limitations, the RFC stands); *Jones v. Astrue*, 500 F. Supp. 2d 1277, 1290 (D. Kan. 2007) (no error in RFC assessment when Plaintiff failed to identify any mental limitation that ALJ failed to include).  Mr. Aragon's conclusory assertion that "it is logical that a diagnosis of depression and anxiety. . . would result in some inability to do the basic functions of unskilled work articulated by POMS DI 25020.010.3a" (Pl's Br. at 12) is unavailing.

III.   CONCLUSION

Based upon the foregoing, I find that the Commissioner's decision in this case is supported by substantial evidence.  Accordingly, it is

ORDERED that the decision of the Commissioner is **AFFIRMED**, and this case is **DISMISSED**.

Dated:  January 20, 2015

                          BY THE COURT:

                          s/ Wiley Y. Daniel
                          Wiley Y. Daniel
                          Senior United States District Judge